Laurence D. Wood, S.
The issue presented before the court is to determine whether under the provisions of the particular will, heréinafter in part set forth,- all or a portion of certain *858 stock dividends declared after the death of the testatrix should be considered income or principal.
The decedent, Gertrude M. Grover, died on April 21, 1956, survived by her husband, Arlington L. Grover, and two children, Arlene G. Gates and Dr. Donald S. Grover. Her will, dated November 16, 1955, directed after customary provision for payment of administration expenses and debts, that the remainder should be divided into two parts as follows; 1 ‘ One of such parts I give, devise and bequeath to my Trustee, hereinafter named, in trust, nevertheless to invest and re-invest the same, to collect and receive the income therefrom and to pay or apply the net income therefrom in quarterly installments to or for the benefit of my husband, Arlington L. Grover, if he shall survive me, for and during his lifetime. Upon the death of my said husband, if he survives me, or upon my death, if he predeceases me, I give, devise and bequeath the principal of said trust fund and any accrued income or such half of my residuary estate, whichever the ease may be, to my son, Donald ¡3. Grover.”
The other part was left on similar terms for the benefit of Arlene G. Gates for life and upon her death, the principal and income of that part was left to her issue per stirpes with this additional provision; “ I direct my trustee to pay to my said daughter from the principal of the trust herein set up for her an amount which, when added to the income from the said trust, shall make the total payment to her $1,200.00 per year.”
The further pertinent provision of the will at paragraph 6 (h) thereof was as follows: “ All dividends payable in the stock of the corporation or association declaring or authorizing the same and received by my executor or my Trustee in respect of any stock held in my estate or in trust hereunder shall be treated as principal of my estate or of the trust funds, except in any case where such dividend shall be declared in whole or in part as a distribution of current earnings of such corporation or association and in each such case such dividend, to the extent that it represents current earnings, shall be treated as income of my estate or of the trust fund or funds, as the case may be; and 1 direct that the determination of my Executor or of my Trustee, upon such evidence as to him shall seem sufficient, as to whether any such dividend constitutes principal or income in whole or in part within the meaning of this paragraph, shall be conclusive against all persons interested in my estate or in such trust fund or funds.” (Italics added.)
There are several statutes dealing with stock dividends which are declared to be “ new stock issued, for surplus or profits *859 capitalized, to shareholders in proportion to their previous holdings ” (Tax Law, § 350, subd. 8).
Section 58 of the Stock Corporation Law deals with the declaration of dividends generally where the capital of the corporation is impaired or will be impaired by such dividend. This situation does not appear to be involved in the case here before the court.
The pertinent section of the law is section 17-a of the Personal Property Law (eff. May 17, 1926) which is as follows: “ Stock Dividends. Unless otherwise provided in a will, deed or other instrument, which shall hereafter be executed and shall create or declare a trust, any dividend which shall be payable in the stock of the corporation or association declaring or authorizing such dividend and which shall be declared or authorized hereafter in respect of any stock of such corporation composing, in whole or in part, the principal of such trust, shall be principal and not income of such trust. The addition of any such stock dividend to the principal of such trust, as above provided, shall not be deemed an accumulation of income within the meaning of this article.” (Italics added.)
By its opening words, “ Unless otherwise provided in a will, deed or other instrument ”, section 17-a becomes inapplicable in this case where there are direct provisions in the will concerning stock dividends. The statute does, however, declare the present treatment sought by the Legislature in the absence of specific direction and this lends some background for interpretation where provisions of a will may seem more or less conflicting.
It is expressly or impliedly recognized in all cases whether in a particular case a stock dividend made by a corporation is to be regarded as principal or income is primarily a question of the settlor’s intention as manifested in the instrument by which the trust was created. However, in the great majority of eases the terms of the instrument merely direct payment without being sufficiently explicit to enable courts to ascertain the settlor’s intention concerning the distribution of stock dividends. The absence of such language disclosing the testator’s intention concerning the ownership of stock dividends has resulted in the expression of wide and irreconcilable differences of opinion in this area. (Matter of Payne [Bingham], 7 N Y 2d 1, 14.)
The above-cited case contains in the majority and dissenting opinions an excellent study of the rather complicated situation arising in the absence of a specific direction in the instrument.
*860 In determining who is entitled to a dividend upon stock held in trust the intention of the testator or the maker of the trust must be carried out when such intent is clear. (Matter of Osborne, 209 N. Y. 450, 458.)
In the case now before the court, we have a specific treatment of the subject and are thus left to an interpretation of paragraph 6 (h) of the will.
Dividends paid in stock of the corporation or association declaring the dividend are stated to be principal, except where declared in whole or in part out of current earnings, when according to a portion of paragraph 6 (h): “ such [stock] dividend, to the extent that it represents current earnings, shall be treated as income ”.
The other portion of paragraph 6 (h) sets up a test providing for exercise of the discretion of the executor in making a determination as to whether stock dividends of the issuing corporation or association are principal or income as follows: “I direct that the determination of my Executor or of my Trustee, upon such evidence as to him shall seem sufficient, as to whether any such dividend constitutes principal or income m whole or in part within the meaning of this paragraph, shall be conclusive against all persons interested in my estate or in such trust fund or funds (Italics added.)
We conclude that under this latter portion of paragraph 6 (h), the executor’s decision is controlling, there being no statute to the contrary, and it is, therefore, unnecessary to pass upon the issue as to whether the dividends or various portions thereof would properly be principal or income in the absence of the compelling direction of the testatrix, that her executor might himself make the determination to be binding on all parties interested.
Matter of Matthews (280 App. Div. 23, 25 [2d Dept., 1952]), relied upon by the respondent, construed the following clause: ‘ ‘ All stock dividends and all rights to subscribe, accruing on or in respect of any securities held hereunder, shall be deemed to be principal, except that regular stock dividends paid in lieu of or in conjunction with regular cash dividends, shall be deemed to be income, and all cash dividends accruing on or in respect of any such securities, except liquidating dividends, shall be deemed to be income ”.
Although this clause is somewhat similar to the first portion of paragraph 6 (h) of the last will and testament of Gertrude M. Grover, the deed of trust in the Matthews case {supra) contained no such additional language empowering the executor or trustee to make a conclusive determination as to whether *861 a dividend were stock or principal ‘ ‘ upon such evidence as to him shall seem sufficient ’ ’ as does the Grover will
The construction of every will depends upon the varying language used and the varying conditions surrounding the testator or testatrix. (Furniss v. Cruikshank, 230 N. Y. 495, 505.)
This court holds that under the particular instrument here to be construed, the executor’s decision that the stock dividends were wholly principal and not income, was within the scope of the broad discretion given him by the last will and testament of Gertrude M. Grover, there being no claim of bad faith, in a situation where the testatrix and the draftsman of her will in dealing with a complex underlying question, provided that her executor and trustee should have power to make a conclusive determination upon such evidence as he deemed sufficient, thus evidencing her trust in his discretion.